**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | )  CASE NO. _____ |
| | ) |
| **v.** | ) |
| | ) |
| | )  **UNDER SEAL** |
| **EMMA CORONEL AISPURO,** | ) |
| | ) |
| | ) |
| | ) |
| **Defendant.** | ) |
| | ) |
| | ) |
| | ) |
| | ) |

## GOVERNMENT'S MOTION TO SEAL

The United States of America, by and through the undersigned counsel, respectfully moves

the Court for an order directing that the Criminal Complaint, supporting Affidavit, the arrest

warrant and the instant motion to seal remain under seal until further order of the Court and

delaying entry on the public docket all related matters.  The Government also requests that the

Court permit law enforcement to disclose the Criminal Complaint, supporting Affidavit, and arrest

warrant as may be necessary for law enforcement during the arrest process.  As grounds for the

motion, the United States submits the following:

Courts have inherent power to control access to papers filed with the Courts.  Nixon v.

Warner Communications, Inc., 435 U.S. 589, 598 (1978).  Courts have traditionally been "highly

deferential to the government's determination that a given investigation requires secrecy and that

warrant materials be kept under seal."  Times Mirror Co. v. United States, 873 F.2d 1210 (9th Cir.

1989).  Therefore, courts have routinely granted government requests to seal warrant materials

where there is a need for secrecy.  See, Post v. Robinson, 935 F.2d 282, 289, n. 10 (D.C. Cir. 1991).  The Government requests the matter remain under seal in order to protect the safety of cooperating witnesses and to prevent jeopardizing the investigation.

This case involves a cocaine, heroin, methamphetamine, and marijuana trafficker who is responsible for conspiring to distribute large quantities of narcotics.  The defendant is charged with conspiracy to distribute 5 kilograms or more of cocaine, 1 kilogram or more of heroin, 500 grams or more of methamphetamine, and 1000 kilogram or more of marijuana for importation into the United States.

The United States moves to seal the Criminal Complaint and related documents in the above-captioned case for several reasons.  The United States needs to provide an opportunity to law enforcement to arrest the defendant without the defendant becoming aware, through public filings, of the issuance of an arrest warrant.  Additionally, the United States needs an opportunity to ensure the safety of its witnesses and their family members before the criminal charges and any related arrest are made public.  While it will be necessary for law enforcement officials to disclose the existence of the Criminal Complaint, supporting Affidavit, and arrest warrant to foreign and domestic law enforcement officials as part of the arrest process, public disclosure of such information could jeopardize the investigation and put law enforcement officials, their sources of information, and their families at risk.

WHEREFORE, the United States respectfully requests that this Court grant the Government's motion and order, and that this motion, the Criminal Complaint, supporting Affidavit, and arrest warrant in the above captioned matter be sealed, except for such disclosures of copies of the Criminal Complaint, supporting Affidavit, and arrest warrant as may be necessary

by law enforcement during the arrest process, and delay entry on the public docket all related

matters.

Respectfully submitted,

Arthur G. Wyatt, Chief
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice

By:  _____/s/_____
Anthony J. Nardozzi
Acting Deputy Chief
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice
145 N Street, NE, Suite 2E.300
Washington, D.C. 20530
Tel.:   (202) 514-0651
Email: Anthony.Nardozzi@usdoj.gov